UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEURG DIVISION

| Danny Ray Gossett, | ) | Civil Action No.: 5:17-cv-0078-AMQ |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. §§ 405(g) in which Plaintiff Danny Ray Gossett ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on February 23, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 20.) Plaintiff filed objections to the Report ("Objections") on March 26, 2018 (ECF No. 26), and the Commissioner filed her Reply on April 9, 2018. (ECF No. 30.) The Court has reviewed Plaintiff's Objections, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB benefits on February 27, 2012. Plaintiff alleges a disability onset date of January 31, 2012.

1

(Tr. at 13.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 13.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ heard testimony at a hearing on October 15, 2014, including testimony from Vocational Expert ("VE") Dr. Robert Brabham. (Tr. at 13.) On April 9, 2015, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 14-25.) The Social Security Appeals Council denied Plaintiff's request for review on November 15, 2016 (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on January 11, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 20 at 23.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, after setting forth the applicable law and facts, the Magistrate Judge considered Plaintiff's argument that the ALJ erred in (1) failing to properly evaluate the demands of his past relevant work; and (2) failing to include limitations in his Residual Functional Capacity ("RFC") related to Plaintiff's diabetes and neuropathy. (ECF No. 20 at 11-12.) The Magistrate Judge also considered Plaintiff's argument that the Appeals Council erred in failing to weigh new evidence. (ECF No. 20 at 12.)

The Magistrate Judge first concluded that although the ALJ erred in determining Plaintiff could perform his past relevant work as he actually performed it, any error was harmless because the ALJ ultimately determined Plaintiff could perform the job as generally performed, a finding which is consistent with SSR 82-62. (ECF No. 20 at 15-16.) The Magistrate Judge next addressed Plaintiff's arguments regarding the ALJ's RFC assessment and the ALJ's failure to discuss Plaintiff's diabetes at step two of the sequential evaluation. (ECF No. 20 at 17.) The Magistrate Judge concluded that any such error here would be harmless as the ALJ found that Plaintiff had other severe impairments and continued with the sequential evaluation process, thereby considering the cumulative effect of all impairments, including non-severe ones, in making a disability determination. (ECF No. 20 at 17-18.) The Magistrate Judge concluded that the ALJ's ruling evidenced the fact that the ALJ considered Plaintiff's diabetes as part of the RFC assessment, and recommends this Court find the RFC assessment is supported by the evidence in the record. (ECF No. 20 at 18-19.) Finally, the Magistrate Judge addressed Plaintiff's assertion that remand is warranted based on new evidence submitted to the Appeals Council which was not considered (in conjunction with prior evidence) by the fact finder. (ECF No. 20 at 19-20.) The Magistrate Judge noted that the Appeals Council considered the additional evidence and concluded it did not provide a basis for changing the ALJ's decision. (ECF No. 20 at 20.) The Magistrate

3

Judge acknowledged that the Appeals Council was not required to provide any findings or explain its rationale for denying review of the ALJ's decision. Additionally, the Magistrate Judge points out that the ALJ did not indicate she was lacking any evidence that would affect her decision. (ECF No. 20 at 22-23.) Therefore, the Magistrate Judge concludes that *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) does not apply to warrant remand. The Magistrate Judge thus recommended that the Commissioner's decision be affirmed. (ECF No. 20 at 23.)

### III. PARTIES' RESPONSE

Plaintiff filed Objections to the Report on March 26, 2018. (ECF No. 26.) Plaintiff makes a single objection[1], claiming that *Meyer v. Astrue* requires that the new evidence in this case submitted to the Appeals Council—a first time opinion from a treating physician—shows limitations beyond the ALJ's RFC and should be reconciled with the evidence in the record. (ECF No. 26 at 1.) Plaintiff contends that the new evidence, an opinion by Dr. Hubert White, II, conflicts with the evidence credited by the ALJ and that no one has reconciled Dr. White's opinion with the conflicting evidence. (ECF No. 26 at 3.) Plaintiff argues that a neutral fact-finder's conclusion could be impacted by consideration of a first-time treating physician's opinion which states specific limitations. (ECF No. 26 at 5.) Accordingly, Plaintiff asks this Court to remand the claim to the Commissioner for further proceedings. (ECF No. 26 at 5.)

The Commissioner filed a response to Plaintiff's Objections, requesting this Court affirm the final administrative decision by adopting the Report. (ECF No. 30.) The Commissioner highlights that the Magistrate Judge appropriately considered Plaintiff's contentions, including the

---

[1] In a footnote, Plaintiff noted that he addressed two other issues in his brief, but conceded, after review of the Magistrate Judge's Report, that the ALJ's errors were harmless. (ECF No. 26 at 1.) This Court has reviewed the record and finds no error in the Magistrate Judge's recommendation on these points and adopts the findings and recommendation of the Magistrate Judge accordingly.

one raised his Objections regarding whether *Meyer v. Astrue* requires remand for consideration of new evidence. (ECF No. 30 at 1.) The Commissioner contends this case is distinguishable from the scenario contemplated by *Meyer v. Astrue*. In particular, the Commissioner highlights, as indicated by the Appeals Council, that the Dr. White opinion is about Plaintiff's condition at a later time (exam in June 2015) and does not affect the decision about whether Plaintiff was disabled beginning on or before April 9, 2015. (ECF No. 30 at 2.)

IV. **DISCUSSION OF THE LAW**

  A. **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted

right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

B. **ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is

prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: right knee chondromalacia, status post knee arthroscopy; right shoulder degenerative joint disease (DJD); lumbar degenerative disc disease (DDD); bilateral carpal tunnel syndrome (CTS); and obesity. (Tr. at 15.) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. at 17.) The ALJ considered all of Plaintiff's symptoms and impairments in conducting the RFC assessment whereby she found Plaintiff had the RFC to perform light work with some exceptions as set forth in the decision, based on the medical records and opinion evidence. (Tr. at 18.) The ALJ ultimately concluded Plaintiff was not under a disability and was able to perform past relevant work as a bearing inspector. (Tr. at 25.)

The sole issue presented here is whether *Meyer v. Astrue* demands remand for consideration of new evidence submitted to the Appeals Council after the ALJ's April 2015 decision. Relying on *Meyer v. Astrue*, Plaintiff argues that there is a possibility that a neutral fact finder's decision would be affected by a treating physician's opinion making specific limitations such as the one at issue in this case. (ECF No. 26 at 5.) In *Meyer v. Astrue*, the Fourth Circuit first acknowledged that the Appeals Council is not required to articulate any findings when it considers new evidence and denies review, although the Court notes that an express analysis of its determination would be helpful. *Meyer v. Astrue*, 662 F.3d at 706. The "lack of such additional fact finding does not render judicial review impossible—as long as the record provides an adequate explanation" of the Commissioner's decision. *Id.* at 707. The Court must be able to, considering

the record as a whole, determine whether substantial evidence supports the ALJ's denial of benefits. *Id.*

In this case, the Appeals Council indicated that considered the materials submitted, including the Dr. White record in question. (Tr. at 2.) However, the Appeals Council considered the "new information" to be about a later time, and thus, not affecting "the decision about whether you were disabled beginning on or before April 9, 2015." (Tr. at 2.) The Appeals Council denied review of the ALJ's decision, and invited Plaintiff to apply again if he wanted the Commissioner to consider whether he was disabled after April 9, 2015. The only question for this Court is whether this Court can conclude that substantial evidence supports the ALJ's decision which is the final decision of the Commissioner in this case.

As the Magistrate Judge noted, the Appeals Council apparently considered the additional evidence to be "new and material." (ECF No. 20 at 22.) Based on Plaintiff's objection, at issue here is a three-page report from Dr. White dated June 15, 2015, about two months after the ALJ's April 9, 2015 decision. (Tr. at 825.) The report indicates a first date of treatment for the condition as August 18, 2011[2] and a (then) most recent treatment date of June 15, 2015. (Tr. at 823.) Dr. White indicated a diagnosis of lumbago and limb pain based on symptoms reported of low back pain and leg pain. (Tr. at 823.) Dr. White listed his clinical findings as "persistent low back pain & associated pain on ranges of motion." *Id.* The Magistrate Judge noted Dr. White's opinions as to Plaintiff's ability to sit, stand, walk, twist/bend/stoop, reach above shoulder level, perform various movements, lift, carry, push and pull during a work day, among other assessments. (Tr. at 824.)

---

[2]This treatment date is consistent with Plaintiff's representation that the first treatment note from Dr. Clara Gulyas, from the Integrative Pain Management Practice is August 18, 2011. (ECF No. 12 at 8.)

When a claimant submits to the Appeals Council "new and material evidence relating to the period on or before the date of the ALJ decision," the Appeals Council is required to consider that evidence when deciding whether to grant review over an ALJ decision. *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233 (4th Cir. 2015)(unpublished decision)(citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir.1991)). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue,* 662 F.3d at 705 (internal quotation marks omitted). In evaluating whether remand is necessary, the Court reviews the administrative record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision. *See Meyer v. Colvin,* 754 F.3d 251, 257 (4th Cir.2014) (considering whether new evidence "impugn[s] the integrity" of ALJ's decision).

The Court disagrees with Commissioner's contention that the date of Dr. White's report means it relates to a later period of time. Although the report is dated after the ALJ's decision, it deals with the same physical manifestations at issue here and references a history of the patient's condition indicating a first treatment date of August 18, 2011. (Tr. at 823.) There is nothing indicating a subsequent injury causing event.

Still, this Court's role is limited reviewing the entire record in order to assess whether the ALJ's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Pearles*, 402 U.S. 389, 401 (1971)(internal citations and quotations omitted). The Fourth Circuit has previously "affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because we concluded that 'substantial evidence support[ed] the ALJ's findings.'" *Meyer v. Astrue*, 662 F.3d 700, 707

9

(citing *Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir.1996)). This is such a case where substantial evidence, including records from Plaintiff's treating physicians, supports the ALJ's findings.

After undertaking a *de novo* review, the Court agrees with the Magistrate Judge that there is substantial evidence in the entire record that supports the ALJ's decision. Dr. White's assessment does not render the ALJ's decision unsupported by the substantial evidence in the record, including reports and treatment notes of several of Plaintiff's physicians. (ECF No. 20 at 21.) The ALJ concluded that the RFC was supported by the objective medical evidence in the record, noted his history of low back and leg pain, and acknowledged that multiple pain doctors treated Plaintiff, including the practice of Dr. Gulyas and Dr. White. (Tr. at 24.) Unlike the factual scenario in *Meyer v. Astrue*, the ALJ did not suggest that any "evidentiary gap played a role in is decision." *Meyer v. Astrue*, 662 F.3d at 707.

*Meyer v. Astrue* does not create a broad basis for remand. It particularly clarifies the difference between the Appeals Council's act of denying review versus making a decision. *See Meyer v. Astrue*, 662 F.3d at 705; *see also Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991). In this case, because the Appeals Council denied review, the ALJ's decision became the final decision of the agency. It is this final decision that is subject to judicial review, not the Appeals Council's denial of a request for review. *Meyer v. Astrue*, 662 F.3d at 705 ("The Appeals Council's denial of a request for review differs sharply from an ALJ's decision.") As noted above, the Appeals Council is not required to give any basis for denying review, its only job is to consider new and material evidence in deciding whether to grant review. *Id.* at 706. This Court cannot second guess its reasoning on this point. This Court's role is to determine whether substantial evidence exists for the ALJ's determination. *See Williams v. Berryhill*, 729 F. App'x

262, 263 (4th Cir. 2018)(unpublished decision). In view of the entire record, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision.

V. **CONCLUSION**

For the reasons set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's Objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 29, 2018
Greenville, South Carolina